UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEAN CLAUDE KAGABO, | CASE NO. C26-0058JLR |
| Plaintiff, | ORDER |
| v. | |
| IQ DATA INTERNATIONAL INC., et al., | |
| Defendants. | |

Before the court is *pro se* Plaintiff Jean Claude Kagabo's motion to remand this matter to Snohomish County Superior Court, which also includes a request for leave to amend. (Mot. (Dkt. # 9).) Defendants IQ Data International Inc. ("IQ Data") and Avenue5 Residential LLC (together, "Defendants") have not responded to the motion. (*See generally* Dkt.) The court has considered the motion, the record, and the governing law. Being fully advised, the court GRANTS Mr. Kagabo's motion.

ORDER - 1

Mr. Kagabo filed this action in Snohomish County Superior Court on September 25, 2025.  (*See* Compl. (Dkt. # 6-1) at 7.[1])  In his original complaint, Mr. Kagabo brought state-law claims for negligence, credit defamation, and intentional infliction of emotional distress arising from Defendants' attempts to collect a debt Mr. Kagabo alleges he does not owe.  (*Id.* at 9, 11-12.)  He also brought a federal claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  (*Id.* at 11.)  On January 9, 2026, IQ Data removed the action, asserting that this court has federal question subject matter jurisdiction based on Mr. Kagabo's FDCPA claim.  (Not. of Removal (Dkt. # 6));  *see* 28 U.S.C. § 1441(a) (providing that a defendant may remove any civil action brought in state court over which the district court has original jurisdiction); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Mr. Kagabo filed his motion for leave to amend and to remand on February 9, 2026.  (Mot.)  He asks the court (1) for leave to amend his complaint to remove his FDCPA claim and (2) to remand the action to state court because, absent the FDCPA claim, the court no longer has subject matter jurisdiction.  (*See generally id.*; *see also* Prop. Am. Compl. (Dkt. # 9-1).)  As Mr. Kagabo points out, the court does not have diversity jurisdiction over this case because all of the parties are citizens of Washington.  (Mot. at 2 (citing 28 U.S.C. § 1332); *see* Not. of Removal at 1 (stating that Defendants are Washington entities).)

---

[1] The court refers to the page numbers in the CM/ECF header when citing Mr. Kagabo's complaint.

ORDER - 2

The court grants Mr. Kagabo's motion.  As noted, Defendants did not respond to the motion.  (*See generally* Dkt.)  The court considers their failure to respond "as an admission that the motion has merit."  Local Rules W.D. Wash. LCR 7(b)(2).  Because Defendants did not oppose Mr. Kagabo's request to amend his complaint, the court grants Mr. Kagabo leave to amend and deems Mr. Kagabo's proposed amended complaint the operative complaint.  The court also grants Mr. Kagabo's motion to remand based on his amended complaint.  "When a plaintiff amends [his] complaint following [his] suit's removal, a federal court's jurisdiction depends on what the new complaint says."  *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025).  Once Mr. Kagabo "eliminate[d] the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolve[d]" and "[t]he case must therefore return to state court."  *Id.* at 30, 26.

Thus, for the foregoing reasons, the court GRANTS Mr. Kagabo's motion to remand (Dkt. # 9).  This case is REMANDED to Snohomish County Superior Court.

Dated this 17th day of March, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 3